**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

IN RE:  **Landtrez Contralla Bunkley,**          \*     **Chapter 13**
                                   **Debtor.**          \*     **Case No. 26-40068**
                                                      \*

**<u>NOTICE</u>**

LANDREZ CONTRALLA BUNKLEY, DEBTOR, IN THE ABOVE BANKRUPTY MATTER HAS FILED PAPERS WITH THE COURT TO MODIFY THE CHAPTER 13 PLAN.

**<u>YOUR RIGHTS MAY BE AFFECTED</u>**.  **You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case**.  **If you do not have an attorney, you may wish to consult one**.  **If not served with this notice in accordance with the Bankruptcy Court or the Federal Rules of Bankruptcy Procedure, a copy of the motion [or other type of pleading] may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's Office**.

If you do not want the court to grant this Motion, or if you want the court to consider your views on the Motion, then you or your attorney, shall file with the court a written objection or response on or before **June 10, 2026**, pursuant to FRBP 9006(f).  If you are receiving this notice by mail, you may add 3 days to the response date stated above.  The objection or response should be sent to:

> Clerk, U.S. Bankruptcy Court
> Middle District of Georgia
> P.O. Box 2147, Columbus, Georgia 31902
> (706)649-7837

**If an objection or response is filed, a hearing on the Motion shall be held on:**

> **Date & Time:**  <u>**July 2, 2026 at 2:00 p.m.**</u>
> **Location:**     <u>**U.S. Bankruptcy Court, 901 Front Ave., Ste. 309**</u>
>                  <u>**One Arsenal Place, Columbus, Georgia 31901**</u>

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive** the objection or response on or before the response date stated above.

Any response or objection shall also be served on the Movant.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting relief.**

Parties should consult the Court's website ([www.gamb.uscourts.gov](http://www.gamb.uscourts.gov)) concerning whether the hearing will be in-person, or telephonic, or virtual. Please refer to Administrative Order #145 for more guidance.

This notice is sent by the undersigned pursuant to LBR 9004-1(b).

Date: 05/20/2026

/s/ Valerie G. Long_____
Valerie G. Long
Attorney for Debtor

3006 University Avenue
Columbus, Georgia 31907
(706) 940-0597
State Bar No. 457485
lawofficevglong@yahoo.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

IN RE:  **Landtrez Contralla Bunkley,**          *    **Chapter 13**
                          **Debtor.**                           *    **Case No. 26-40068**
                                                                      *

**MOTION FOR MODIFICATION OF PLAN AFTER CONFIRMATION**

The Debtor, under the authority of Section 1323 of the Bankruptcy Code, files this Motion for

Modification of Plan and respectfully shows as follows:

1.

Debtor  desires to modify the Chapter 13 Plan to pay pre-petition homeowner's association dues

through the plan.  Debtor withdraws the Chapter 13 Plan heretofore filed and substitutes in lieu thereof a new

plan.  A copy of the new plan is attached hereto.

2.

After notice and opportunity for objections, the new plan should become the Debtor's Plan.

**WHEREFORE**, the Debtor prays that this motion be approved.

This the 20th day of May, 2026.

                                                                      /s/ Valerie G. Long_____
                                                                      Valerie G. Long
                                                                      Attorney for Debtor

3006 University Avenue
Columbus, Georgia 31907
(706) 940-0597
Georgia Bar No. 457485
Lawofficevglong@yahoo.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

DEBTOR
LANDTREZ CONTRALLA BUNKLEY

Chapter 13
Case No. 26-40068

☒ Check if this is a modified plan and list below the sections of the plan that have been changed.

**CHAPTER 13 PLAN**
**MIDDLE DISTRICT OF GEORGIA**
**(NOT OFFICIAL FORM 113)**

**Part 1:  Notices**
**To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with local rules and judicial rulings may not be confirmable.** *In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors: Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered by the Bankruptcy Court.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015.  In addition, you may need to file a timely proof of claim in order to be paid under any plan. **The following matters may be of importance to you.  Debtors must check one box on each line to state whether the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan. Any nonstandard provisions placed in any part other than Part 6 are void.**

| | | | |
|---|---|---|---|
| **1.1.** | **Limit the Amount of a Secured Claim:** The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| **1.2.** | **Avoidance of Liens:** The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in the **Nonstandard Provisions Part 6.** | ☒ Included | ☐ Not Included |
| **1.3.** | **Nonstandard Provisions:** The plan sets out **Nonstandard Provisions in Part 6.** | ☒ Included | ☐ Not Included |

**1. 4 Income status of debtor(s) as stated on Official form 122-C1**
**Check One**:

☒ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

**Part 2:  Plan Payments and Length of Plan**
2.1. **Plan Payments:** The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the Trustee the sum of **$675** monthly.

2.2. **Additional Payments:** Additional Payments of $_____ will be made on _____ from _____. (Source)

2.3. **Plan Length:** If the debtor's(s') current monthly income is less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A) the debtor(s) will make a minimum of 36 monthly payments.
If the debtor's(s') current monthly income is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A) the debtor(s) will make payments for a minimum of 57 months.

**Part 3:  Treatment of Secured Claims**
**From the payments so received, the Trustee shall make disbursements to allowed claims as follows:**

3.1. **Long Term Debts:** The monthly payments will be made on the following long-term debts (including debts secured by the debtor's(s') principal residence): (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT | CHECK IF PRINCIPAL RESIDENCE |
|---|---|---|---|
| **NONE** | | | |

3.2. **Arrearages:** After confirmation, distributions will be made to cure arrearages on long term debts (including debts secured by the debtor's(s') principal residence) where the last payment is due after the last payment under the plan. If no monthly payment is designated, the arrearage claims will be paid after the short term secured debts listed in Section 3.3 and 3.5.

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | ARREARS THROUGH DATE |
|---|---|---|
| **HICKORY GROVE** | **$780** | **HOA DUES THROUGH 01/30/2026** |

**ANY CLAIM FOR MORTGAGE ARREARS SHALL BE PAID PURSUANT TO THE PROOF OF CLAIM SUBJECT TO DEBTOR'S OBJECTION**

3.3. **Claims Not Subject to Cram Down:** The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for  the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a). The claims listed below will be paid in full as allowed.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| **NONE** | | | | |

3.4. **Preconfirmation Adequate Protection Payments:** Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| **NONE** | |

3.5. **Secured Creditors Subject to Cramdown:** After confirmation of the plan, the following secured creditors who are subject to cramdown, with allowed claims will be paid as follows:
If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| **1ST FRANKLIN** | **$4,768** | **$1,275** | **5%** | **HOUSEHOLD GOODS** | **$25** |
| **NAVY FCU** | **$37,018** | **$26,938** | **6%** | **2020 GMC SIERRA** | **$525** |
| **NAVY FCU** | **$4,000** | **$0** | **0%** | **CROSS COLLATERAL** | **$0** |

3.6. **Surrendered Collateral:** The following collateral is **surrendered to the creditor**. If the debtor(s) is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6 Nonstandard Provisions**. Upon confirmation of this plan, the stay under § 362(a) will terminate as to the collateral only and the stay under § 1301 will terminate in all respects unless the debt is listed as a classified debt in Paragraph 5.3 of the plan. An allowed unsecured claim resulting from the disposition(s) of the collateral will be treated as unsecured.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| **NONE** | |

3.7. **Debts Paid by Debtor(s):** The following debts will be paid directly by the debtor(s):

| NAME OF CREDITOR | COLLATERAL | BEGINNING DATE |
|---|---|---|
| **HICKORY GROVE** | **HOA DUES** | **DEBTOR PAID 02/26-05/26; RESUME 06/26** |
| **NAVY FCU** | **2023 HONDA PILOT** | **JANUARY 2026 (girlfriend drives & pays)** |
| **NEW AMERICAN FUNDING** | **MORTGAGE** | **JANUARY 2026 (purs. to loan mod pending)** |
| **MOHELA/US DEPT. OF ED.** | **STUDENT LOANS** | **PURSUANT TO CONTRACT** |
| **U.S. DEPT OF HUD** | **2ND MORTGAGE** | **PURSUANT TO CONTRACT** |

3.8. **Liens Avoided:** The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions.**

**Part 4:   Treatment of Fees and Priority Claims**

4.1. **Attorney Fees:** Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of **$3,900** to be paid as follows: **(SELECT ONE)**

☒ Pursuant to the Single Set Fee option in the Administrative Order on Attorney Fees in Chapter 13 Cases.

☐ Hourly billing: Attorneys are required to file an application for compensation with the Court, including an itemization of their time, in accordance with the Administrative Order on Attorney Fees in Chapter 13 Cases.

4.2. **Trustee's Fees:** Trustee's fees are governed by statute and may change during the course of the case.

4.3. **Domestic Support Obligations:** The following domestic support obligations will be paid over the life of the plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ___%. **(If this is left blank, no interest will be paid.)**

| NAME OF CREDITOR | PAYMENT AMOUNT |
| --- | --- |
| **NONE** | |

4.4. **Priority Claims:** All other 11 U.S.C. § 507 priority claims, unless already listed under 4.3 will be paid in full over the life of the plan as funds become available in the order specified by law.

| NAME OF CREDITOR | AMOUNT DUE | COLLATERAL |
| --- | --- | --- |
| **NONE** | | |

**Part 5:   Treatment of Non-Priority Unsecured Claims**

5.1. **Payment Parameters: Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative; debtor(s) will pay the highest of the three):**

(a)  Debtor(s) will pay all of the disposable income as shown on Form 122C of $0 to the non-priority unsecured creditors in order to be eligible for a discharge, unless debtor(s) includes contrary provisions in **Part 6 Nonstandard Provisions** along with sufficient legal reason justifying the excusal from meeting this requirement.

(b)   If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive $0.  Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(c) The debtor(s) will pay $0 to the general unsecured creditors to be distributed pro rata.

5.2. **General Unsecured Creditors:** General unsecured creditors whose claims are duly proven and allowed will be paid **(CHOOSE ONLY ONE):**

(a)  **0%** dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph 5.1(a), 5.1(b), or 5.1(c) and the debtor(s) makes payment for the applicable commitment period as indicated in **Part 2 Section 2.3.**

(b) The debtor(s) anticipates unsecured creditors will receive a dividend of 0%, but will also pay the highest amount shown in paragraph 5.1(a), 5.1(b), or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

5.3. **Classified Unsecured Claims:** The following unsecured claims are classified to be paid at 100%. If the debtor(s) is proposing to pay less than 100%, or to pay a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provisions.**

| NAME OF CREDITOR | COLLATERAL | REASON FOR CLASSIFICATION |
| --- | --- | --- |
| **NONE** | | |

5.4. **Executory Contracts and Unexpired Leases:** The executory contracts and unexpired leases listed below are assumed.  All other executory and unexpired leases are rejected. If the debtor(s) wishes to cure a default on a lease, an explanation of those payments should be included in **Part 6 Nonstandard Provisions**.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
| --- | --- |
| **HICKORY GROVE** | **HOA DUES – DEBTOR ASSUMES CONTRACT** |

5.5. **Property of the Estate:** Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the debtor(s), remains property of the estate subject to the Court's jurisdiction, notwithstanding § 1327(b), except as otherwise provided in **Part 6 Nonstandard Provisions** below.  Property of the estate not paid to the Trustee shall remain in the

possession of the debtor(s).  All property in the possession and control of the debtor(s) at the time of confirmation shall be insured by the debtor(s).  The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor(s) or other property affected by property in possession and control of the debtor(s).

5.6. **Validity of Liens or Preference Actions:** Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the plan.  Successful lien avoidance or preference action will be grounds for modification of the plan.

**Part 6:  Nonstandard Provisions**
**Nonstandard Provisions:** Under Bankruptcy Rule 3015(c), all nonstandard provisions are required to be set forth below. *These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked and any nonstandard provisions placed elsewhere in the plan are void.*

(1) Upon completion of plan payments, all non-purchase money security liens and/or judicial liens in favor of the following creditors shall be avoided pursuant to 11 U.S.C. §522(f), and said creditors shall cancel said lien of record within fifteen (15) days of such notice: **A) FIRST FRANKLIN FINANCIAL; B) AMERIS BANK/BALBOA CAPITAL; C) CROWN ASSET MANAGEMENT, LLC, ASSIGNEE OF PROSPER FUNDING; and, D) CROWN ASSET MANAGEMENT, LLC, ASSIGNEE OF PETAL CARD, INC.**

(2) Upon completion of plan payments to secured creditors, **NAVY FEDERAL CREDIT UNION**, shall release its lien and transfer title of the **2020 GMC SIERRA** to the Debtor.

(3) Debtor may apply for recertification for income driven based repayment for student loan purposes and update public loan forgiveness program annually as required.

(4) Debtor paid post-petition HOA dues plus late fees for February through May 2026 to Hickory Grove and will resume regular payments June 2026; pre-petition arrears through January 2026 shall be paid through the plan.

**Part 7: Attorney Signature**

7.1. **Certification:** The debtor's(s') attorney certifies that all provisions of this plan substantially conform to the Official Form of the Middle District of Georgia, except for language contained in **Part 6: Nonstandard Provisions**.


  /s/ Valerie G. Long_____          Date: 05/20/2026
Valerie G. Long, Attorney at Law
3006 University Avenue
Columbus, GA 31907
706-940-0594
GA Bar # 457485
LawofficeVGLong@yahoo.com

### CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing *Notice* and *Motion to Modify Chapter 13 Plan*

have this day been mailed to the affected parties listed below, unless service was perfected

electronically by Electronic Bankruptcy Noticing:

**All Creditors Listed in Exhibit A**

in envelopes properly addressed, stamped and deposited in the United States Mail to insure delivery.

This 20th  day of May, 2026.

 _/S/ Valerie G. Long_____
Valerie G. Long
Attorney for Debtor

3006 University Avenue
Columbus, Georgia 31907
(706) 940-0597
Georgia Bar No. 457485
lawofficevglong@yahoo.com

**Exhibit A**

Jonathan W. DeLoach
Chapter 13 Trustee
P.O. Box 1907
Columbus, GA 31902-1907

Attorney General of the U.S.
U.S. Dept. of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

Landtrez Contralla Bunkley
7541 Mockernut Way
Midland, GA 31820

Hickory Grove Neighborhood
Assoc., Inc. a/k/a Psalmond
Road Properties, LLC
6232 Psalmond Road
Midland, GA 31820

1st Franklin Financial
PO BOX 880
Toccoa, GA 30577

Absolute Resolutions Corp.
8000 Norman Center Dr.
Suite 350
Bloomington, MN 55437

AIS InfoSource LP
PO Box 4457
Houston, TX 77210-4457

Ameris Bank
P.O. Box 105075
Atlanta, GA 30348

Ameris Bank
c/o Stephan A. Ray
2829 Old Dawson Road
Post Office Drawer 71727
Albany, Georgia 31708-1727

Balboa Capital
2010 Main Street
Irvine, CA 92614

Capital One Auto Finance
c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

CASCADE CAPITAL FUNDING, LLC
5341 Old Redwood Hwy., Ste. 210
Petaluma, CA 94954

CFG Merchant Solutions
180 Maiden Lane, 15th Floor
New York, NY 10038

CFG MERCHANT SOLUTIONS, LLC
32 Old Slip, Ste. 600
New York, NY 10005

Comdata, Inc.
c/o LCS Financial Services Corp.
6782 S Potomac St # 100
Centennial, CO 80112

Crown Asset Management, LLC
3100 Breckinridge Blvd.
Suite 725
Duluth, GA 30096

David A. Garland
Attorney at Law
P.O. Drawer 71727
Albany, GA 31708

EATT&E Inc
P. O. Box 2629
Opelika, AL 36803-2629

EATT&E Inc.
1803 Market Street
Opelika, AL 36801

First Franklin Financial
7830 Veterans Pkwy.
Suite F
Columbus, GA 31909

Georgia Dept. of Revenue
2595 Century Pkwy NE.
Suite 339
Atlanta, GA 30345

HFS Financial
100 Owings Ct. # 13
Reisterstown, MC 21136

INPHYNET PRIMARY CARE PHYSICIANS
PO BOX 1123
MINNEAPOLIS, MN 55440

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

Jefferson Capital Systems LLC
PO Box 7999
St. Cloud, MN 56302-9617

Jeffrey Cook
c/o Grisham Cummins, LLC
P.O. Box 5585
Huntsville, AL 35814

JPMorgan Chase Bank, N.A.
c/o National Bankruptcy Svcs, LLC
P.O. Box 9013
Addison, Texas 75001

Sofi Bank
c/o LVNV Funding
P.O. Box 10584
Greenville, SC 29603

LVNV Funding, LLC
c/o Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

McKenzie Capital
3900 Mary St.
Stuie 310
Miami, FL 33133

Midland Credit Mgmt, Inc.
PO Box 2037
Warren, MI 48090

Mohela/U.S. Dept. of Education
633 Spirit Drive
Chesterfield, MO 63005

Navy Federal Credit Union
P.O. Box 3000
Merrifield, VA 22119

New American Funding
P.O. Box 650076
Dallas, TX 75265

New American Funding, LLC
1 MacArthur Place, Ste. 800
Santa Ana, California 92707

NPRTO Georgia, LLC
256 West Data Drive
Draper, UT 84020

OneMain Financial
PO Box 981037
Boston, MA 02298

OneMain Financial
PO Box 3251
Evansville, IN 47731

Padgett Law Group
Attn: Alexa Stinson, Esq.
6267 Old Water Oak Rd.
Suite 203
Tallahassee, FL 32312

Petal Card, Inc.
P.O. Box 105168
Atlanta, GA 30348

Prosper Funding
221 Main St., Ste. 300
San Francisco, CA 94105

Provident Commercial Finance
7600 Parklawn Drive
Minneapolis, MN 55435

PSECU
PO BOX 67013
HARRISBURG, PA 17106

Quantum3 Group LLC
PO Box 788
Kirkland, WA 98083-0788

Redstone Federal Credit Union
c/o Grisham Cummins, LLC
P.O. Box 5585
Huntsville, AL 35814

Robin Funding Group
54 State St., Ste. 804
Albany, NY 12207

RockLoans Marketplace LLC
1050 Woodward Ave
Detroit, MI 48226

Roy D. Reagin, Jr.
Ragan & Ragan
3100 Breckinridge Blvd., Ste. 722
Duluth, GA 30096

SeedFi/CRB
4315 Pickett Road
St. Joseph, MO 64503

ST FRANCIS PHYSICIANS
C/O CBC, LLC
PO BOX 5067
KINGSPORT, TN 37663

St. Francis Hospital
c/o Resurgent Capital Services
PO Box 1927
Greenville, SC 29602

The LCF Group
3000 Marchus Ave., Ste. 2W15
New Hyde Park, NY 11042

Truist Bank
200 Pine St. West
Wilson, NC 27893

Truist Bank
P.O. Box 85092
Richmond, VA 23286

United States Attorney
P.O. Box 1702
Macon, GA 31202-1702

U.S. Bank NA
dba Elan Financial Svcs.
PO Box 108
Saint Louis MO 63166-0108

U.S. Dept. of HUD
77 Forsyth Street SW
Atlanta, GA 30303